IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICHIE HUMPHREY         )
                            )    No. 3-11-0679
v.                      )
                            )
CRC HEALTH TENNESSEE INC.    )

## O R D E R

Pursuant to the order entered September 6, 2012 (Docket Entry No. 20), counsel for the parties appeared for a case management conference, at which time the following matters were addressed:

1.    Defendant's counsel pointed out that, before they had withdrawn, plaintiff's prior counsel had agreed to dismiss the plaintiff's claim under the Americans with Disabilities Act ("ADA") and the plaintiff's claim for breach of contract. Plaintiff's new counsel agreed that those claims should be dismissed.

As a result, and with the concurrence of counsel for both parties, the plaintiff's ADA claim and claim for breach of contract are DISMISSED.

2.    The plaintiff had previously served responses to the defendant's written discovery. After defendant's counsel wrote to plaintiff's prior counsel about asserted deficiencies in the plaintiff's responses, plaintiff's former counsel agreed to provide supplementation to the original discovery responses, but the plaintiff has not yet done so.

3.    By September 28, 2012, the plaintiff shall serve supplementation of his prior responses to the defendant's written discovery.

4.    The April 16, 2012, deadline for completion of fact depositions is extended to January 31, 2013.

5.    The April 30, 2012, deadline for filing any discovery motion is also extended to January 31, 2013. Alternatively, counsel shall, by January 31, 2013, schedule a telephone conference call with the Court to address any discovery disputes or issues.

6.      The deadlines for disclosure and discovery of expert witnesses, as provided in the order entered October 19, 2011 (Docket Entry No. 12), have passed and have not been extended.

7.      The September 17, 2012, deadline for filing any dispositive motion is extended to March 1, 2013.  Any response shall be filed within 21 days of the filing of the motion or by March 22, 2013, if the motion is filed on March 1, 2013.  Any reply, if necessary, shall be filed within 14 days of the filing of the response by April 5, 2013, if the response is filed on March 22, 2013.

No other filings in support of or in opposition to any dispositive motion shall be filed after April 5, 2013, except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the January 31, 2013, deadline for completion of fact depositions even if a dispositive motion is filed prior thereto.

8.      A further case management conference is scheduled on **Friday, November 30, 2012, at 1:00 p.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN, to address the status of discovery, the potential for settlement, propriety of ADR, and any other appropriate matters.

In consultation with Judge Nixon's office, the bench trial, scheduled by orders entered October 19, 2011, and November 14, 2011 (Docket Entry Nos. 12 and 13), on February 26, 2013, is RESCHEDULED to **Tuesday, July 16, 2013, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN.  The parties estimate that the trial will last 2-3 days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, July 12, 2013, if this case has settled.  Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys.

The pretrial conference is also RESCHEDULED from February 15, 2013, to **Monday, July 1, 2013, at 10:00 a.m.,** before Judge Nixon in Chambers, 770 U.S. Courthouse.

By June 3, 2013, counsel shall advise opposing counsel of those portions of any deposition transcripts or those portions of video depositions to be used at trial, in accord with

Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By June 14, 2013, the parties shall file any motions in limine, any evidentiary objections to deposition testimony, in accord with Local Rule 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine and any responses to objections to deposition testimony and proposed exhibits shall be filed by June 24, 2013.

By June 24, 2013, the parties shall also:

1.      File a proposed joint pretrial order, which shall include:

    (a)    a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;

    (b)    a short summary of the plaintiff's theory (no more than one page);

    (c)    a short summary of the defendant's theory (no more than one page);

    (d)    a succinct statement of the relief sought;

    (e)    a statement of the issues;

    (f)    Any special trial procedural issues;

    (g)    A summary of any anticipated evidentiary issues;

    (h)    A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and

    (i)    The estimated length of the trial.

2.      File pretrial briefs, including:

    (a)    a concise statement of the facts;

    (b)    a concise statement of the issues;

    (c)    a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d)      those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

(e)      what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3.      File any deposition transcripts that the parties expect to use at trial;

4.      Serve and file their respective final lists of witnesses and exhibits; and

5.      File a listing of all agreed stipulations.[1]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

Except as modified herein, the orders entered October 19, 2011 (Docket Entry Nos. 11-12), remain in full force and effect.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

4